**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MOHAMAD SALIMI, | ) | |
| | ) | **Case No.** _____ |
| Plaintiff, | ) | |
| | ) | **Judge:** _____ |
| vs. | ) | |
| | ) | |
| COSTCO WHOLESALE CORPORATION | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

# COMPLAINT

1. Plaintiff, by and through his attorneys, brings this action for actual and statutory damages arising from Defendant's retaliatory firing of him for his attempts to exercise his rights under the Fair Medical Leave Act, 29 U.S.C. 2601, *et seq.*, (the "FMLA") and from Defendant's constructive denial of his rights under the Act.

## PARTIES

2. Plaintiff MOHAMAD SALIMI is a natural person and resident of the State of Illinois.

3. Defendant COSTCO WHOLESALE CORPORTION has a principal place of business in Issaquah Washington.

4. Defendant is big-box retailer regularly engaged in activities affecting interstate commerce.

5. Defendant owns numerous stores in the Chicago area, employing hundreds of people full time.

1

## JURISDICTION AND VENUE

6. Federal question jurisdiction exists pursuant to 29 U.S.C. 1331 because this action is a civil action arising under the Constitution, laws, or treaties of the United States, namely, the FMLA, 29 U.S.C. 2601, *et seq*.

7. Venue is proper in this District because Plaintiff resides in this District, Defendant conducts business in this District, a significant portion of the events giving rise to this action occurred in this District, and a significant portion of the evidence and witnesses relevant to this action can be found in this District.

## CAUSE OF ACTION

8. Plaintiff was employed in the Meat Department by Defendant from July 2017 until his termination in June 2019.

9. During his employment, Plaintiff worked an average of 25-30 hours per week.

10. Plaintiff had been employed by Defendant for at least 1,250 hours prior to the events giving rise to this Complaint.

11. Prior to the events relevant to this complaint, Plaintiff's father became critically ill.

12. This time off was required to meet family obligations and tend to his ill father. The FMLA protects such requests and need for time off.

13. Plaintiff requested protected FMLA leave, to which he was entitled.

14. Upon receiving Plaintiff's requests for time off, Defendant did not request from Plaintiff the statutory prerequisites for granting FMLA leave, did not work with Plaintiff to accommodate his leave.

15. By failing to advise Plaintiff of his rights under the FMLA, denying his request for leave, and firing him for making said request and taking the time the law allowed, Defendant interfered with and constructively denied Plaintiff his rights under the FMLA, and retaliated against him for his attempts to exercise those rights.

16. Defendant's interference with and constructive denial of Plaintiff's FMLA rights, and its subsequent retaliation against her for the exercise of those rights, were knowing, willful

17. Plaintiff has suffered actual harm as a result of Defendant's conduct, including but not limited to lost wages, consequential damages, embarrassment, and emotional distress.

### FIRST CLAIM FOR RELIEF:
### INTERFERENCE WITH AND CONSTRUCTIVE DENIAL OF RIGHTS UNDER FMLA
### (29 U.S.C. 2615(a)(1))

18. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 as if fully stated herein.

19. Defendant regularly employs at least 50 employees at or within 75 miles of Plaintiff's work site and is an employer covered by the FMLA.

20. By failing to advise Plaintiff of the requirements for FMLA leave upon his request, and firing him for requesting her leave be permitted to continue, and otherwise engaging in the conduct alleged herein, Defendant violated, interfered with, and constructively denied Plaintiff's rights under the FMLA in violation of 29 U.S.C. 2615(a)(1).

21. Due to Defendant's illegal conduct, Plaintiff has suffered actual harm, including but not limited to lost wages, monetary loss, embarrassment, and emotional distress.

WHEREFORE, Plaintiff, by and through her attorneys, respectfully requests the Court to enter judgment in her favor granting the following relief:

(a) Damages under 29 U.S.C. § 2617(a)(1)(A)(i)(I) for any wages, salary,

employment benefits, or other compensation denied or lost because of defendant's wrongful conduct; Interest under 29 U.S.C. § 2617(a)(1)(A)(i)(II); doubled under 29 U.S.C. § 2617(a)(1)(A)(i)(III);

(b) Reasonable attorneys' fees, expert witness fees, and costs under Interest under 29 U.S.C. § 2617(a)(3); and

(c) Such other relief as the Court deems just and appropriate.

## SECOND CLAIM FOR RELIEF:
## RETALIATION
## (29 U.S.C. 2615(a)(2))

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-17 as if fully stated herein.

23. Defendant regularly employs at least 50 employees at or within 75 miles of Plaintiff's work site and is an employer covered by the FMLA.

24. By prematurely terminating Plaintiff's leave to address covered medical issues of her minor dependent child, without her request or knowledge, and firing her for requesting her leave be permitted to continue, and otherwise engaging in the conduct alleged herein, Defendant retaliated against Plaintiff for her attempted exercise of her FMLA rights, and discharged her for her opposition to Defendant's unlawful practice interfering with those rights, in violation of 29 U.S.C. 2615(a)(2).

25. Due to Defendant's illegal conduct, Plaintiff has suffered actual harm, including but not limited to lost wages, monetary loss, embarrassment, and emotional distress.

WHEREFORE, Plaintiff, by and through her attorneys, respectfully requests the Court to enter judgment in her favor granting the following relief:

(a) Damages under 29 U.S.C. § 2617(a)(1)(A)(i)(I) for any wages, salary,

employment benefits, or other compensation denied or lost because of defendant's wrongful conduct; Interest under 29 U.S.C. § 2617(a)(1)(A)(i)(II); doubled under 29 U.S.C. § 2617(a)(1)(A)(i)(III);

(b) Reasonable attorneys' fees, expert witness fees, and costs under Interest under 29 U.S.C. § 2617(a)(3); and

(c) Such other relief as the Court deems just and appropriate.

Respectfully submitted,
/s/ Christopher V. Langone

3033 N. Clark Street
Chicago, IL 60635
(312) 344-1945

**PLAINTIFF DEMANDS TRIAL BY JURY**