IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Mohamad Salimi | ) | |
|       Plaintiff, | ) | |
| | ) | |
|       v. | ) | Case No. 20-cv-00978 |
| | ) | |
| Costco Wholesale Corporation, | ) | Judge Sharon Johnson Coleman |
| | ) | |
|       Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mohamad Salimi ("Salimi") brings this action against Costco Wholesale Corporation ("Costco") for interference and retaliation under the Family and Medical Leave Act ("FMLA"). Before the Court is Costco's motion for summary judgment [33] under Federal Rule of Civil Procedure 56(a), which the Court grants for the following reasons.

**Background**

The following facts are undisputed. Plaintiff Mohammed Salimi worked as a part-time meat wrapper for Defendant Costco in Lake Zurich, Illinois. On or around May 29, 2019, Salimi requested leave to visit his sick father in Lebanon from June 21 to July 20, 2019. Salimi subsequently submitted a revised leave request for June 18 to July 20, 2019. Because Salimi did not have sufficient leave available, Costco denied his request. The assistant manager then informed Salimi about FMLA leave and provided him the appropriate paperwork. On or around June 2, 2019, Salimi submitted his request for FMLA leave.

On June 9, 2019, the general manager denied Salimi's FMLA leave request, however, he offered Salimi fifteen days leave in order to see his sick father. Salimi rejected the offer and told his superiors that he needed more time. If Salimi had accepted the fifteen days, he could have continued his employment with Costco after his travels. At the direction of Costco, but without being forced, Salimi wrote a note designating June 16, 2019 as his last day. No one told Salimi he

was fired or that he could no longer work at Costco. On June 12, 2019, Salimi's father passed away. Salimi never returned to work.

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed. 2d 202 (1986). When determining whether a genuine issue of material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Discussion**

Salimi claims that Costco interfered with and retaliated against him for his right to take FMLA leave. Under the FMLA, employees who have worked at least 1,250 hours within the preceding twelve-month period may take twelve weeks of unpaid leave to care for an immediate family member. *King v. Ford Motor Co.*, 872 F.3d 833, 840 (7th Cir. 2017) (citing 29 U.S.C. § 2611(2)(A)). Employers must not interfere with or retaliate against employees' use or attempted use of FMLA leave. *Guzman v. Brown Cty.*, 884 F.3d 633, 638 (7th Cir. 2018). Unlike a claim of interference, for which the employee need only prove that the employer improperly denied him FMLA leave, a retaliation claim requires proof of discriminatory or retaliatory intent. *Pagel v. TIN Inc.*, 695 F.3d 622, 626 (7th Cir. 2012).

First, Salimi abandoned his FMLA interference claim. Costco maintains that Salimi did not work at least 1,250 hours in the twelve months preceding his leave request and therefore was not eligible for FMLA leave. 29 U.S.C. § 2611(2)(A). Because Salimi did not respond to this argument or provide evidence to the contrary, he has abandoned it. *See Witte v. Wisconsin Dept. of Corrections*, 434 F.3d 1031, 1038 (7th Cir. 2006), overruled on other grounds by *Hill v. Tangherlini* 724 F.3d 965 (7th Cir. 2013). The Court therefore grants summary judgment for Costco as to FMLA interference.

To succeed on his FMLA retaliation claim, Salimi must show that he was subject to an adverse employment action because he requested or took FMLA leave. *Guzman*, 884 F.3d at 640. Salimi may prove his case using direct or indirect methods of proof. *See Smith v. Hope Sch.*, 560 F.3d 694, 702 (7th Cir. 2009). Under the direct method, the employee must provide direct or circumstantial evidence that the employer intended to punish the employee for requesting FMLA leave. *Id.* The indirect method requires a showing that the employee was treated differently from similarly situated employees who did not request FMLA leave. *Id.*

Here, Salimi does not offer sufficient evidence to show that Costco took an adverse employment action against him. In his statement of additional facts, Salimi asserts that he did not quit or resign, but that he was terminated. Although Costco failed to properly respond to the additional facts as required by Local Rule 56.1(e), the Court need not take this statement as true as it is both an impermissible legal conclusion and unsupported by the record. *See Judson Atkinson Candies v. Latini–Hohberger Dhimantec,* 529 F.3d 371, 381 n.2 (7th Cir. 2008). The undisputed evidence shows that, after denying his request for FMLA leave, Costco offered Salimi fifteen days of unpaid leave, to which he was not otherwise entitled. Because he found the leave inadequate, Salimi rejected the offer and wrote a note setting his last day with Costco as June 16, 2019. At no time did anyone from Costco tell Salimi that he was fired. Although Salimi now claims that he "interpreted this as

being terminated," his subjective beliefs are unsupported by the evidence and insufficient to survive summary judgment. *See Payne v. Pauley*, 337 F.3d 767, 772 (7th Cir. 2003).

Even if Salimi were terminated by Costco, Salimi identifies no evidence of retaliatory or discriminatory intent. *See Blanck v. Cohn*, 65 Fed. Appx. 74, 76 (7th Cir. 2003) ("[Plaintiff's] failure to identify any relevant evidence, or explain how his evidence established a material question of fact, waives his argument…"). To the contrary, the undisputed facts show that Costco offered Salimi more leave than he was entitled to and intended that Salimi return to his job after taking the authorized leave. These are not the actions of an employer intending to punish an employee. Construing the evidence and all reasonable inferences in Salimi's favor, Salimi has failed to raise a triable issue of fact as to FMLA retaliation. Therefore, the Court grants Costco's summary judgment motion and dismisses this lawsuit.

**Conclusion**

For the reasons stated above, the Court grants defendant's motion for summary judgment [33]. Civil case terminated.

**IT IS SO ORDERED.**

Date: 12/8/2021

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

4